IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DOE I, *et al.*, | | |
| | *Plaintiffs*, | |
| v. | | Civil Action No. 19-3737 (CJN) |
| APPLE INC., *et al.*, | | |
| | *Defendants*. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALPHABET INC.'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

LEGAL STANDARD...............................................................................................................1

ARGUMENT............................................................................................................................1

    I.      Plaintiffs Do Not Allege Any Direct Involvement by Alphabet..............................2

    II.     Plaintiffs Do Not Allege The Narrow Bases For Corporate Veil-
            Piercing. ...................................................................................................................4

CONCLUSION.........................................................................................................................5

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Amore ex rel. Estates of Amore v. Accor N. Am., Inc.*,
   529 F. Supp. 2d 85 (D.D.C. 2008) ..................................................................................4

*Ashcroft* v. *Iqbal*,
   556 U.S. 662 (2009) .........................................................................................................1

*DiLorenzo v. Norton*,
   Civil Action No. 07-144(RJL), 2009 WL 2381327 (D.D.C. July 31, 2009) ...................2

\* *Doe v. Bank of Am. Corp.*,
   273 F. Supp. 3d 203 (D.D.C. 2017) ................................................................................2

*Energy Coal, S.p.A. v. CITGO Petroleum Corp.*,
   No. 2:14-CV-03092, 2015 WL 5123867 (W.D. La. Aug. 26, 2015) ...............................4

\* *Flynn v. Thibodeaux Masonry, Inc.*,
   311 F. Supp. 2d 30 (D.D.C. 2004) ..................................................................................4

*Jung v. Ass'n of Am. Med. Colls.*,
   300 F. Supp. 2d 119 (D.D.C. 2004) ................................................................................3

\* *Lancaster v. Alphabet Inc.*,
   Case No. 15-cv-05299-HSG, 2016 WL 3648608 (N.D. Cal. July 8, 2016) ................3, 5

\* *Manigault-Johnson v. Google LLC*,
   Civil Action No. 2:18-cv-1032-BHH, 2019 WL 3006646
   (D.S.C. March 31, 2019)...............................................................................................3, 5

*Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*,
   969 F.2d 764 (9th Cir. 1992) ...........................................................................................4

*Schattner v. Girard, Inc.*,
   668 F.2d 1366 (D.C. Cir. 1981) ......................................................................................4

*SEC v. RPM Int'l, Inc.*,
   282 F. Supp. 3d 1 (D.D.C. 2017) ....................................................................................2

*TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc.*,
   808 F. Supp. 2d 60 (D.D.C. 2011) ..................................................................................4

\* Authorities on which we chiefly rely are marked with asterisks.

*Toumazou v. Turkish Republic of N. Cyprus*,
    71 F. Supp. 3d 7 (D.D.C. 2014) ................................................................................. 5

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ...................................................................................................... 2

**RULES:**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................1

**OTHER AUTHORITY:**

\* Alphabet Inc. Form 10-K, United States Securities and Exchange Commission
    (2015), available at https://bit.ly/3hrlrGB ............................................................ 1, 2

## INTRODUCTION

Alphabet Inc. (Alphabet) joins in the Defendants' Joint Motion to Dismiss the First Amended Complaint, ECF No. 33, in which the Defendants condemn the labor practices alleged in the Complaint and explain why the Complaint fails as a matter of law as to all Defendants. The claims against Alphabet should be dismissed for another reason: Plaintiffs' Complaint alleges only that Alphabet is a Delaware corporation headquartered in California, that it is the parent company of Google LLC (Google), and that it produces products "using the Google name" that Plaintiffs allege contain cobalt. *See* First Amended Complaint (FAC) ¶¶ 2, 18, 76. That is it. The rest of the Complaint's allegations that mention Alphabet are just boilerplate that is asserted in nearly identical terms against the other named Defendants and falls far short of "plausible." *See id.* ¶¶ 76–78; *see also id.* ¶¶ 72–75, 79-86. Thus, the claims against Alphabet are being asserted only by virtue of its corporate structure. Absent extraordinary circumstances not alleged here, a parent company cannot be held liable for the alleged conduct of its subsidiary. Plaintiffs' allegations against Alphabet thus fail to state a claim.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ARGUMENT

Alphabet is not a proper Defendant in this case. Alphabet is merely the "parent holding company of[ ] Google." Alphabet Inc. Form 10-K, United States Securities and Exchange

1

Commission (2015), available at https://bit.ly/3hrlrGB.[1]  As "a holding company," it has "no business operations of its own."  *Id.* at 17.  Indeed, Plaintiffs admit that they are suing Alphabet merely because it is the parent of Google.[2]  FAC ¶¶ 2, 76.  But it is a bedrock principle of corporate law that a parent company generally cannot be held liable for the conduct of its separate subsidiaries.  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  That principle gives way in only two circumstances:  (1) where the parent directly participated in the alleged wrong, or (2) when extreme circumstances such as fraud justify piercing the corporate veil.  Plaintiffs do not—and could not—allege either circumstance here.  For these reasons, Alphabet should be dismissed.

**I.      Plaintiffs Do Not Allege Any Direct Involvement By Alphabet.**

"A parent corporation can be held directly liable" for the alleged acts of its subsidiary "if the alleged wrong can be traced to the parent corporation or 'the parent is *directly a participant* in the wrong complained of.'"  *Doe v. Bank of Am. Corp.*, 273 F. Supp. 3d 203, 209 (D.D.C. 2017) (emphasis added) (quoting *Bestfoods*, 524 U.S. at 64).  Plaintiffs do not allege any direct involvement by Alphabet—nor could they.  That should be the end of the matter.

Plaintiffs twice concede that their claims target Google, not Alphabet.  In the first sentence of the Complaint, Plaintiffs explain that they are suing Alphabet because it is "the parent company of Google."  FAC ¶ 2.  They repeat that point later, in connection with their unsupported allegation that "*[u]sing the Google name*, Alphabet produces multiple devices" that "include lithium ion batteries that use cobalt that is mined in the DRC," and they list various

---

[1] "Because SEC filings are matters of public record, they are properly the subject of judicial notice, and therefore the Court may . . . consider them on review of [a] motion to dismiss." *DiLorenzo v. Norton*, Civil Action No. 07-144 (RJL), 2009 WL 2381327, at *2 n.7 (D.D.C. July 31, 2009); *accord, e.g.*, *SEC v. RPM Int'l, Inc.*, 282 F. Supp. 3d 1, 10 n.4 (D.D.C. 2017).
[2] As of October 2, 2015, Google is a subsidiary of XXVI Holdings Inc., and Alphabet is the parent company of XXVI Holdings Inc.

Google products.  *Id.* ¶ 76 (emphasis added).  Thus, the Complaint itself makes clear that Plaintiffs are not pursuing a theory of direct liability against Alphabet.

The remainder of the Complaint bears that out.  Only three paragraphs of Plaintiffs' Complaint contain allegations that are purportedly specific to Alphabet, and these are limited to assertions about Alphabet's valuation and that Alphabet is a Delaware corporation that allegedly produces devices that use cobalt that comes from mining operations in the DRC.  *See id.* ¶¶ 76–78.  But even those are boilerplate.  *See id.* ¶¶ 72–75 (Apple); ¶¶ 79–81 (Dell); ¶¶ 82–84 (Microsoft); ¶¶ 85–86 (Tesla).

Although the Complaint mentions Alphabet other times, those allegations are not specific to Alphabet; rather, they are general allegations asserted against all of the Defendants as a group. *See, e.g.*, *id.* ¶ 128 (claiming, without any supporting facts, that Defendants asserted "control" over downstream members of the supply chain).  This type of general allegation does not suffice to plausibly plead Alphabet's liability.  *See, e.g.*, *Manigault-Johnson v. Google LLC*, Civil Action No. 2:18-cv-1032-BHH, 2019 WL 3006646, at *3 (D.S.C. March 31, 2019) (dismissing claims against Alphabet where "[p]laintiffs' complaint alleges only that Alphabet is the parent corporation of Google and Youtube and does not allege any facts showing how Alphabet is responsible for the conduct alleged in the complaint"); *Lancaster v. Alphabet Inc.*, Case No. 15-cv-05299-HSG, 2016 WL 3648608, at *7 (N.D. Cal. July 8, 2016) (dismissing Alphabet where complaint was devoid of allegations specific to Alphabet, as opposed to Alphabet subsidiaries); *see also, e.g.*, *Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 163 (D.D.C. 2004) ("[P]laintiffs' use of the term 'defendants' to refer to multiple defendants situated very differently from one another in the context of general and global allegations is insufficient . . . .").

3

## II.       Plaintiffs Do Not Allege The Narrow Bases For Corporate Veil-Piercing.

Because Plaintiffs have failed to allege any basis to hold Alphabet *directly* liable, the only remaining question is whether "extraordinary" circumstances exist to warrant piercing the corporate veil. *Schattner v. Girard, Inc.*, 668 F.2d 1366, 1370 (D.C. Cir. 1981) (per curiam). A court may disregard the corporate form and hold a parent corporation derivatively liable for a subsidiary's actions only if (1) "there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist"; and (2) declining to pierce the corporate veil would lead to an inequitable result. *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 41 (D.D.C. 2004) (applying federal common law).[3] Neither requirement is satisfied here.

Plaintiffs do not and could not allege that Google is merely the "alter ego" of Alphabet. *Id.* at 40. They do not allege any facts to demonstrate that the two companies have "a unity of interest." *Id.* at 41. Nor do they allege that Alphabet was formed merely in an effort to commit fraud or contravene the law. *See, e.g.*, *Energy Coal, S.p.A. v. CITGO Petroleum Corp.*, No. 2:14-CV-03092, 2015 WL 5123867, at *9 (W.D. La. Aug. 26, 2015) (rejecting alter ego theory under Delaware law where there were no allegations "that a fraud, public wrong, or contravention of law has been committed as a result of [a parent company and its subsidiary] being formed separately"). Nor could they allege facts sufficient to establish either of those requirements.

---

[3] The same or similar elements for veil-piercing generally apply across jurisdictions. *See, e.g.*, *TAC-Critical Sys., Inc. v. Integrated Facility Sys., Inc.*, 808 F. Supp. 2d 60, 65 (D.D.C. 2011) (federal common law and D.C.: alter egos, inequity); *Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 769 (9th Cir. 1992) (California: alter egos, inequity); *Amore ex rel. Estates of Amore v. Accor N. Am., Inc.*, 529 F. Supp. 2d 85, 93 (D.D.C. 2008) (Delaware: inequity).

4

Other federal courts have dismissed Alphabet as a defendant in analogous circumstances. As the court explained in *Manigault-Johnson*, piercing the corporate veil was not "warranted simply because Plaintiffs have alleged some wrongful conduct on the part of Alphabet's subsidiaries, or even on behalf of 'Defendants' as a generalized group." 2019 WL 3006646, at *3. Nor did plaintiffs allege "facts showing that the corporate form is being used for wrongful purposes." *Id.* Likewise, in *Lancaster*, the plaintiff did "not make any specific allegations against Alphabet," and there was "no reason . . . to depart from the 'deeply ingrained' principle that a parent company is not liable for the wrongs of its subsidiaries." 2016 WL 3648608, *7.

The Court should reach the same result here. Plaintiffs assert allegations against Alphabet as part of a "generalized group" of Defendants, but fail to specify (let alone plausibly allege) direct involvement by Alphabet. Nor have Plaintiffs offered any reason to depart from the principle that a parent corporation is not liable for the actions of its subsidiary, let alone the kind of compelling, "extreme circumstances" required to pierce the corporate veil. *See, e.g.*, *Toumazou v. Turkish Republic of N. Cyprus*, 71 F. Supp. 3d 7, 19 (D.D.C. 2014). Accordingly, their claims against Alphabet fail, and Alphabet should be dismissed from this case.

## CONCLUSION

For these reasons, this Court should dismiss Plaintiffs' Complaint against Alphabet.

August 25, 2020                              Respectfully submitted,

/s/ Craig A. Hoover
Craig A. Hoover (D.C. Bar No. 386918)
Neal Kumar Katyal (D.C. Bar. No. 462071)
David M. Foster (D.C. Bar No. 497981)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com

## CERTIFICATE OF SERVICE

I hereby certify that, on August 25, 2020, I electronically filed the foregoing with the United States District Court for the District of Columbia by using the CM/ECF system.

August 25, 2020                                Respectfully submitted,

                                                        /s/ Craig A. Hoover
                                                       Craig A. Hoover