# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JANE DOE 1 et al.,

    Plaintiffs,

v.

APPLE INC. et al.,

    Defendants

**Case No. CV: 1:19-cv-03737 (CJN)**

## PLAINTIFFS' OPPOSITION TO DEFENDANT DELL'S MOTION TO DISMISS BASED ON PERSONAL JURISDICTION

### I.    INTRODUCTION

Defendant Dell Technologies Inc. ("Dell") has filed a separate Motion to Dismiss ("Dell Mot.") arguing that Plaintiffs have failed to allege sufficient facts for the Court to assert personal jurisdiction over it. ECF No. 32. None of the other Defendants challenged personal jurisdiction because there is no doubt that all of the Defendants, including Dell, are subject to personal jurisdiction in the District of Columbia.

Based on its substantial business activities in the District of Columbia and its participation in numerous major legal proceedings here, Dell "purposefully avail[ed] itself of the privilege of conducting business within the forum state" and it has sufficient minimum contacts in the District so that it "should reasonably anticipate being hailed into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75 (1985)(citations omitted). At a minimum, if the Court finds there is not yet sufficient evidence to assert personal jurisdiction over Dell, based on Plaintiffs showing here of

1

Dell's substantial business contacts in the District of Columbia, its government contracts in the District, its use of and participation in the federal courts here, and its participation in a major consent decree here, Plaintiffs should be permitted to conduct jurisdictional discovery to document the full extent of Dell's presence here.

## II.     ARGUMENT

### A. **Dell Is Subject to General Personal Jurisdiction in the District of Colombia**.

Plaintiffs alleged in paragraphs 26 and 79 of their First Amended Complaint ("FAC") that personal jurisdiction over Dell (and the other Defendants) was based on the long arm statute of the District of Columbia, D.C. Code § 13-423(a)(1), which provides that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's **transacting any business in the District of Columbia**. (emphasis added)." Plaintiffs alleged Dell "does substantial and continuous business in the District of Columbia." *Id.* ¶¶ 26,79.

Dell does not analyze or even refer to the District of Columbia's applicable jurisdictional statute, D.C. Code § 13-423(a)(1), in making a general argument that it cannot be subject to general jurisdiction here. *See* Dell Mot. at 4-5. Applying the applicable D.C. law leaves little doubt that Dell should be subject to personal jurisdiction in the District of Columbia. D.C. Code § 13-423(a)(1) has been interpreted frequently and courts uniformly agree that "[s]ection (a)(1)'s 'transacting any business' clause generally has been interpreted to be coextensive with the Constitution's due process requirements and thus to merge into a single inquiry." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000); *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).

In performing this single inquiry, there is no question that Dell is transacting substantial business here and it would be fair and appropriate to subject it to jurisdiction. In *Burger King*, the Supreme Court, referencing its key personal jurisdiction cases, articulated the "minimum contacts"

standard based on "doing business" and stated "where the defendant 'deliberately' has engaged in significant activities within a State, *Keeton* v. *Hustler Magazine, Inc.,* [465 U.S. 770, 781 (1984)], or has created 'continuing obligations' between himself and residents of the forum, *Travelers Health Assn.* v. *Virginia*, [339 U.S., 643, 648 (1950)], he manifestly has availed himself of the privilege of conducting business there, and **because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well**." 471 U.S. at 475-76 (emphasis added). The Supreme Court further stated, "[t]his 'purposeful availment' requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, *Keeton* v. *Hustler Magazine, Inc.*, 465 U.S., at 774;*World-Wide Volkswagen Corp.* v. *Woodson,* [444 U.S. 286, 299 (1980)], or of the 'unilateral activity of another party or a third person,' *Helicopteros Nacionales de Colombia, S.A.* v. *Hall,* [466 U.S. 408, 417 (1984)]. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." 465 U.S. at 475-76.

Here, first of all, the clear inference from Plaintiffs' allegation of Dell doing substantial business in the District of Columbia is that Dell sells and ships a tremendous number of computers and other equipment to the District of Columbia. Prior to discovery, Plaintiffs cannot quantify this, but Dell certainly does not dispute this. Further, just a cursory search reveals that due to its substantial business in the District of Columbia, Dell has participated as both a plaintiff and a defendant in federal court here, clear "purposeful availment," and a strong indication that Dell is essentially arguing it is fair to subject it to jurisdiction in D.C. in every case but this one. Plaintiffs agree with Dell that the Court should consider matters in the public record in determining the jurisdictional question, including the many reported cases in which Dell either filed cases in D.C. or was a defendant, subject to jurisdiction in the courts of the District. *See* Dell Mot. at 2, n.1.

For example, in *Dell Inc.*[1] *v. Decosta*, 233 F. Supp. 3d 1 (D.D.C. 2017), Dell was sued in the Eastern District of Virginia for patent infringement by Audio MPEG, Inc. and other companies. Apparently seeking a more favorable forum, Dell brought an action in the District Court for the District of Columbia to compel compliance with subpoenas seeking documents and testimony from Audio MPEG, Inc.'s former lawyers. Those lawyers sought to transfer the matter to the Virginia court where the primary case was being litigated, but Dell opposed. *Id.* at 2. Ultimately, the federal court in D.C. retained the case and granted in part and denied in part Dell's motion. *See id.* at 4. This is a textbook example of "purposeful availment" by Dell.

In *Lans v. Dell Computer Corp.*, No. 97-cv-2526, 2005 U.S. Dist. LEXIS 55987 (D.D.C. Sept. 30, 2005), as part of a complex, multi-party patent case in which Dell was a defendant and subject to the jurisdiction of the D.C. federal District Court, Dell prevailed and filed a petition for fees and costs. Dell ultimately recovered approximately a million dollars in fees and costs as ordered by the D.C. Court. *Id.* at *13-15.

Demonstrating that Dell not only has been subject to personal jurisdiction in the District of Columbia but has major government contracts in the District, in *United States ex rel. Adams v. Dell Computer Corp.*, No. 15-cv-608, 2020 U.S. Dist. LEXIS 186788, at *8, (D.D.C. Oct. 8, 2020), Dell prevailed in a false claims act case related to its contract to supply equipment and services to the federal government in the District of Columbia. Without discovery, Plaintiffs cannot quantify the extent of Dell's government contracts in the District of Columbia, but this case certainly establishes that Dell is a major government contractor in the District of Columbia.

Finally, in *SEC v. Dell Inc.*, in a consent decree, Dell was subjected to an ongoing injunction in the District of Columbia in which, among other things, the company was restrained from

---

[1] Dell's name has evolved over time, with Dell, Inc. being a predecessor company of Dell Technologies, Inc. *See, e.g.*, https://corporate.delltechnologies.com/en-us/about-us/who-we-are/timeline.htm

engaging in deceptive practices, including making material, misleading assertions, or defrauding or deceiving purchasers, and was required to implement a major corporate reorganization, including new disclosure rules, and was fined 100 million dollars. No. 10-cv-1245, 2010 U.S. Dist. LEXIS 146632, at *2-12 (D.D.C. Oct 13, 2010). This establishes that the District of Columbia federal courts are in a unique position to exercise personal jurisdiction over Dell, and are in fact exercising judicial supervision of Dell through a comprehensive consent decree.

These cases, a sampling of Dell's record of participation in the federal courts of the District of Columbia, along with Dell's substantial and continuous business operations in the District, establish Dell "manifestly has availed [itself] of the privilege of conducting business [here], and because [its] activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require [it] to submit to the burdens of litigation in that forum as well." *Burger King*, 471 U.S. at 475-76. Dell's manifold business activities in the District are classic "purposeful availment." *Id.* at 476. There is nothing unfair about Dell being "hailed" into court in the District of Columbia. *Id.*

As noted, Dell does not even discuss the reach of D.C.'s long arm statute, section 13-423(a)(1), or the impact of the Supreme Court's *International Shoe/Burger King* line of purposeful availment cases on its substantial and continuous business and contacts in the District of Columbia. *See* Dell Mot. at 4-5. Instead, Dell essentially asserts that *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) establishes a new bright line test for general personal jurisdiction that requires a company to either be incorporated here or have its principal place of business here to be subject to general jurisdiction. *See* Dell Mot. at 4-5. Dell goes so far as to say the "Supreme Court in *Daimler* rejected the exercise of general jurisdiction based on 'substantial, continuous, and systematic' business in the forum state." *Id.* at 4 (citing *Daimler* 571 U.S. at 124, 136-38). The *Daimler* Court most certainly did *not* overrule the *International Shoe* line of cases and the "continuous and systematic" business test. *See*

5

571 U.S. at 138-39. Rather, the Supreme Court held that "Daimler's slim contacts with the State hardly render it at home there." *Id.* at 136. Daimler was a unique case. The parent company, Daimler, a German corporation, had virtually no contacts with California, and the issue was whether its subsidiary, MBUSA, had sufficient contacts and whether they could be imputed to Daimler based on an agency theory. *Id.* The Court's jurisdictional assessment was influenced by a factor not present here that assertion of jurisdiction over Daimler, a German corporation, had foreign policy and international comity implications that required the Court to exercise caution in extending jurisdiction. *Daimler*, 571 U.S. at 139-41.

The *Daimler* Court ultimately found that in addition to whether a company was incorporated in a forum or had its principal place of business there, general jurisdiction could be found if "'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 139 (quoting *Goodyear Dunlop Tires Operations, S. A.* v. *Brown*, 564 U. S. 915, 919 (2011)). In the only post-*Daimler* case in the Supreme Court, *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017), the Court stated that mere "in-state business" does not suffice for general jurisdiction.

Here, Plaintiffs have established that the District of Columbia is not merely another forum where Dell does business by selling computers. Dell certainly has "systematic and continuous" business here, but it also has significant government contracts here, it has affirmatively used the D.C. federal courts to further its business interests here, and it is subject to an ongoing consent decree and regulation from the federal court in the District. Returning to the uncracked foundation of general jurisdiction, Dell has purposefully availed itself of the forum and there is nothing remotely unfair or burdensome in requiring Dell to respond to this case in the forum it has substantially benefited from. Dell has affirmatively used the District's legal system to protect its interests here and should be required to defend its position in this case here, along with the other

four Defendants, Apple, Tesla, Microsoft and Alphabet/Google who, as members of a "venture," jointly engaged in wrongful conduct that resulted in the death and maiming of Plaintiffs or their decedents. *See* section IV.A.2 of Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss, filed concurrently herewith.

> B. **Plaintiffs Should Be Permitted to Take Jurisdictional Discovery Before Dell Can Be Dismissed For Lack of Personal Jurisdiction**.

While Plaintiffs have established that Dell is subject to personal jurisdiction in the forum, if there is any doubt, before Dell can be dismissed for lack of jurisdiction, Plaintiffs should be granted jurisdictional discovery. "This Circuit's standard for permitting jurisdictional discovery is quite liberal," and such discovery is permissible even when plaintiffs have "not made out a *prima facie* case of jurisdiction." *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003); *see also FC Inv. Grp. LC v. IFX Markets*, Ltd., 529 F.3d 1087, 1093 (D.C. Cir. 2008)(noting district courts' "broad discretion" to order jurisdictional discovery). To engage in jurisdictional discovery, plaintiffs "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Id.* at 1093-94 (citation omitted).

Here, based on the facts Plaintiffs have discussed in section II.A, *supra*, they would they would bolster the substantial showing they have already made and seek discovery as to Dell's total sales in the District of Columbia, its contracts with distributors and retailers in the forum, the extent of its contracts with the federal and D.C. governments, its contracts with other major institutional purchasers of Dell equipment and services in the District, its participation in other litigation in the District, and its compliance with the SEC consent decree. With these complete facts, there would be no question of that Dell transacts sufficient business in the District to satisfy D.C. Code § 13-423(a)(1) and to be essentially "at home" here. *See Daimler*, 571 U.S. at 139.

## III. CONCLUSION

For the reasons stated, Plaintiffs have established personal jurisdiction should be asserted over Dell. The District of Columbia is not just a place where Dell sells computers as in most other states. Dell has major business operations here and also has government contracts and has sought to use the D.C. federal courts to advance and protect its interests. The SEC regulates Dell from the District, where Dell signed a major consent decree. Dell should not be permitted to have it both ways and obtain substantial benefits from operating here but claim an unfair burden when asked to defend its wrongful acts here.

Respectfully submitted this 26th day of October 2020

/s/ Terrence P. Collingsworth
Terrence P. Collingsworth
(D.C. Bar No. 471830)
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Ave. NE
Washington, D.C. 20002
Phone: 202-543-5811
Email: tc@iradvocates.org

## CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2020, I electronically filed the foregoing with the United States District Court for the District of Columbia by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

Date: October 26, 2020                    /s/ Terrence P. Collingsworth
                                                           Terrence P. Collingsworth (D.C. Bar No. 471830)
                                                           INTERNATIONAL RIGHTS ADVOCATES
                                                           621 Maryland Avenue, NE
                                                           Washington, D.C. 20002
                                                           Telephone: (202) 543-5811
                                                           tc@iradvocates.org

                                                           *Counsel for Plaintiffs*