# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, et al.,<br><br>      *Plaintiffs*,<br><br>    v.<br><br>APPLE INC., et al.,<br><br>      *Defendants*. | Civil Action No. 1:19-cv-03737 (CJN) |

## NOTICE TO PARTIES

On April 20, 2022, Plaintiffs-Appellants filed in the Court of Appeals a motion to vacate the Court's November 2, 2021 Order dismissing their claims. Plaintiffs-Appellants argue that "Judge Nichols fail[ed] to recuse himself when this case was assigned to him and he held *stock* in [defendants] Apple and Microsoft," and when he "purchas[ed] . . . substantial amounts of *additional stock* in both companies while the case was pending before him and before he dismissed the case." *See* United States Court of Appeals for the District of Columbia Circuit, Case No. 21-7135, Entry No. 1943661-2, at 5 (emphasis added); *see also id.* ("[T]here is no question [Judge Nichols] has significant *stock holdings* in Apple and Microsoft.") (emphasis added); *id.* at 2 ("[D]ocuments show that when the case was assigned to Judge Nichols, he held stock in two of the Appellees, Apple, Inc. and Microsoft, Inc."); *id.* at 3 n.2 (claiming Judge Nichols "either had the *stock* when the case was initially assigned to him on December 26, 2019, or he purchased it between December 26–31, 2019, after the case was assigned to him") (emphasis added).

That is incorrect. The undersigned has not owned stock in either Apple or Microsoft since assuming the bench. Instead, the undersigned owned *bonds* issued by both companies. The Apple bonds had a maturity date in 2024—and are therefore identified in the relevant disclosure reports

1

as "Apple, Inc. (AAPL 24)."  The Microsoft bonds had a maturity date in 2045—and are therefore identified in the relevant disclosure reports as "Microsoft Corp. (MSFT45)."  The undersigned no longer owns bonds in either company.

In Committee on Codes of Conduct Advisory Opinion No. 101, the Committee decided that although "judges must disclose various debt interests owned by themselves or their close relatives," "*disqualification is not required solely because a party in a matter before the judge is a corporation . . . that has issued a debt security owned by the judge*."  See Advisory Opinion No. 101, 2B Guide to Judiciary Policy § 220, at 181–82, *available at* https://www.uscourts.gov/sites/default/files/vol02b-ch02.pdf (emphasis added); *see also In re Cameron Int'l Corp.*, 393 F. App'x 133, 135 (5th Cir. 2010).  Instead, a "*judge who is a bondholder and periodically receives interest payments on the bonds may hear cases involving the bond issuer so long as the case does not involve the bonds held by the judge*."  See Advisory Opinion No. 94, 2B Guide to Judiciary Policy § 220, at 159 (emphasis added).  This case does not involve the Apple or Microsoft bonds previously held by the undersigned.

DATE:  April 20, 2022

_____
CARL J. NICHOLS
United States District Judge